# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DARNELL ARCHEY,**

    **Petitioner,**

        **v.**

**WARDEN, MADISON CORRECTIONAL INSTITUTION,**

    **Respondent.**[1]

**Case No. 2:15-cv-02832**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge King**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 2), Respondent's *Return of Writ* (ECF No. 7), Petitioner's *Reply* (ECF No. 8), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's request for an evidentiary hearing, made in his *Reply* (ECF No. 8, PageID# 221), is **DENIED**.

### Facts and Procedural History

On April 6, 2007, was convicted in the Summit County Court of Common Pleas on his plea of guilty, entered pursuant to the terms of his plea agreement in Case Number CR 07 01 0088, to a charge of domestic violence in violation of O.R.C. § 2919.25(A). (Doc. 7-1, PageID# 70). On April 27, 2007, the trial court sentenced Petitioner to two years in prison, but suspended the sentence on the condition that Petitioner successfully complete one year of community control. *Id*. (PageID# 71.) However, on October 3, 2007, Petitioner was indicted on new

---

[1] Respondent asserts that Rhonda Richard, the Warden of the Madison Correctional Institution where Petitioner is currently incarcerated, should be named as the appropriate party Respondent.

criminal charges. *Id.* (PageID# 73). On March 24, 2008, Petitioner pleaded guilty in Case Number CR 07 09 3199 in the Summit County Court of Common Pleas to charges of kidnapping, rape, and breaking and entering. *Id.* (PageID# 76.) Petitioner also pleaded guilty to violating the terms of his community control. *Id*. (PageID# 79.) On June 11, 2008, the trial court imposed an aggregate term of twenty years' incarceration in Case Number CR 07 09 0-3199, such sentence to be served consecutively to the two year term of imprisonment imposed in Case Number CR 07 01 0088. *Id.* (PageID# 82-83; 86). The trial court also revoked Petitioner's community control. *Id.* (PageID# 86.) Petitioner did not file a timely appeal in either case.

On January 21, 2009, Petitioner filed a motion to withdraw his guilty plea in Case Number CR 07 09 3199, arguing that his guilty plea was not knowing, intelligent and voluntary and that he had been denied the effective assistance of counsel. (ECF No. 7-1, PageID# 88-92). On February 4, 2009, the trial court denied the motion. *Id.* (PageID# 98). Petitioner did not file an appeal from that decision.[2]

On January 22, 2013, Petitioner filed a *Motion for Relief from Judgment pursuant to Civ.R. 60(B)(5)*. (ECF No. 7-1, PageID# 103). On March 29, 2013, the trial court denied the motion as an untimely petition for post conviction relief. *Id.* (PageID# 110). Petitioner filed a timely appeal from that decision; however, on August 13, 2013, the appellate court dismissed the appeal for failure to file an appellate brief. *Id.* (PageID# 113). On November 13, 2013, the appellate court denied as untimely Petitioner's motion for reconsideration. *Id.* (PageID# 131).

On June 19, 2014, Petitioner filed a motion for re-sentencing in the state trial court. (ECF No. 7-1, PageID# 132). On July 11, 2014, the trial court denied the motion as an untimely

---

[2] Petitioner's *Motion to Withdraw Plea* reflected on the docket number for Case Number CR 07 09 3199, *see* (PageID# 88); however, the state trial court deemed the motion to have been filed in both cases. *See Ruling on Motion to Withdraw Plea* (ECF No. 7-1, PageID# 93).

and successive petition for post conviction relief. *Id.* (PageID# 149). Petitioner did not file a timely appeal from that decision.

On January 6, 2015, Petitioner filed a *Motion for Leave to File Delayed Appeal.* (ECF No. 7-1, PageID# 150). As cause for the untimely filing, Petitioner represented that he had not been advised of his right to appeal or of the time limit for filing an appeal, and that he lacked the funds to hire an attorney. *Id.* (PageID# 153). On January 21, 2015, the state appellate court denied Petitioner's motion for delayed appeal. *Id.* (PageID# 161). On May 20, 2015, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal from that decision. *Id.* (PageID# 174).

Meanwhile, on February 18, 2015, petitioner also filed a *Petition to Vacate or Set Aside Judgment of Conviction or Sentence,* in which he asserted that he had not been advised of his right to appeal. (ECF No. 7-1, PageID# 175-76). In a *Journal Entry* filed on March 12, 2015, the trial court denied the petition as untimely and successive. *Id.* (PageID# 185). Petitioner did not file an appeal from that decision.

Petitioner executed the *Petition* on September 10, 2015. He alelges that he was denied due process and equal protection because the trial court failed to advise him of his right to appeal, and because the state appellate court subsequently denied his motion for a delayed appeal. Petitioner also alleges that his attorney did not advise him of his right to an appeal. Petitioner represents that he did not know, until 2014, that he had a right to appeal, nor did he know the time limits for the filing of an appeal, or his right to appointed counsel on appeal. Immediately upon learning of these rights, Petitioner insists, he filed a motion for delayed appeal and petition for post conviction relief. *Petition* (PageID# 42-43).

3

Respondent contends that this action should be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner argues that the state appellate court improperly denied his motion for delayed appeal and that he did not know about, and was not advised of, his right to appeal. Where a petitioner claims that the state appellate court improperly denied a motion for delayed appeal, the

statute of limitations may not begin to run on that claim until the date on which the state appellate court denies the motion for delayed appeal. *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006). Moreover, claims that relate to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> The proper task in a case. . . is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.
>
> * * * *
>
> [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing].
>
> *Wims* [*v. United States,*] 225 F.3d [186,] 190–91 [(2d Cir. 2000)] (citing *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.* at 470–471. "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id.*, at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). The Court also construes *DiCenzi v. Rose*, in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of diligence. Thus, a petition will not be deemed timely where the petitioner fails to act with reasonable diligence. *See Neu v. Brunsman*, No. 2:09-cv-257, 2010 WL 5600902, at *4 (S.D. Ohio Oct. 12, 2010)(citing *Pierce v. Banks*, No. 2:09-cv-00590, 2009 WL

2579202 (S.D. Ohio Aug. 20, 2009); *Korbel v. Jeffries*, No. 2:06-cv-625, 2008 WL 269626 (S.D. Ohio Jan. 29, 2008); *Ward v. Timmerman–Cooper*, No. 2:07-cv-41, 2008 WL 214411 (S.D. Ohio Jan. 23, 2008)). "Applying *DiCenzi* and *Johnson,* Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 734 (N.D. Ohio July 10, 2009) ("A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting [more than two and one half years after his conviction] for a law clerk. . . to '[notice] that [he] was never informed of his right to appeal[.]' ") *See also Yavari v. Wolfe*, No. 2:07-cv-480, 2008 WL 2078061, at *7 (S.D. Ohio May 13, 2008)(Petitioner failed to establish that he acted diligently in learning about his right to appeal by waiting two years to file motion for a delayed appeal). Moreover, lack of actual notice and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999). *See also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991).

Petitioner has failed to establish that he acted diligently in learning about his right to appeal. He waited approximately six and one half years from the date of sentencing to file a motion for delayed appeal. Although Petitioner alleges that he did not know about and was never advised of his right to appeal, the transcript of his sentencing hearing suggests the contrary. The trial court advised Petitioner, "while you don't give up all of your appellate rights, you will be giving up certain appellate rights." (ECF No. 7-1, PageID# 138). Further, on February 4, 2009, the state trial court cited Petitioner's failure to file a direct appeal as a basis for

dismissing his motion to withdraw his guilty plea. *Ruling on Motion to Withdraw Plea* (ECF No. 7-1, PageID# 101). Petitioner then waited until January 2013 to file a motion for relief from judgment, arguing that his convictions constituted allied offenses of similar import. The trial court again indicated, in its denial of that motion, that his claims were barred under Ohio's doctrine of *res judicata*, because he had failed to file an appeal. (ECF No. 7-1, PageID# 110.) Petitioner alleged that the trial court had failed to advise him of his right to an appeal and of his right to have an attorney appointed at the State's expense in both his application for reconsideration, (ECF No. 7-1, PageID# 117-18), and his June 2014 motion for re-sentencing, (ECF No. 7-1, PageID# 136-37). In its June 25, 2014 response, the State explicitly stated that Petitioner should file a motion for delayed appeal with the Ohio Court of Appeals. (ECF No. 7-1, PageID# 144). Yet, Petitioner indicated that it was not his intent to file a delayed appeal, and he instead sought relief on the basis of plain error. (ECF No. 7-1, PageID# 146-47). Petitioner then waited almost six months after the trial court's denial of his motion for re-sentencing – until January 6, 2015 – to file a motion for delayed appeal with the state appellate court. He then waited approximately three and one half months after the Ohio Supreme Court declined to accept jurisdiction of the appeal from the denial of his motion for a delayed appeal – until September 10, 2015 – to execute the *Petition.*

Moreover, Petitioner fails to explain what action he took, if any, to learn about his right to appeal. He does not identify any factor that would have prevented him from learning about the right to appeal. *See Baker v. Wilson*, No. 5:06-cv-1547, 2009 WL 313325, at *12 (N.D. Ohio Feb. 6, 2009) (concluding that petitioner had failed to act diligently in waiting three years to learn about his right to appeal, noting that "[c]ourts in this Circuit have recognized that when a petitioner has access to retained counsel, due diligence requires that he ask his counsel about his

7

appellate rights" and "[a] period not greater than 90 days is a reasonable amount of time in which to inquire of counsel.") (citing *Ramos v. Wilson*, No. 1:06CV901, 2008 WL 2556725 (N.D. Ohio 2008)); *see also Ward v. Timmerman-Cooper*, 2008 WL 214411, at *5 (no due diligence where the petitioner "apparently made no effort to learn about his right to appeal for more than seven years from the date of his sentencing[.]") "Due diligence requires the petitioner to pursue his rights [.]" *Steward v. Moore*, 555 F. Supp. 2d 858, 869 (N.D. Ohio 2008) (no due diligence where the petitioner "had free access to law libraries, the public defender's office, and the court for over six years prior to the date he says he discovered his ability to challenge the conviction").

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F. 3d at 218.

Petitioner offers no explanation, or justification, for his lengthy delay in pursuing relief. Therefore, this Court is not persuaded that the record establishes either that Petitioner acted diligently or that this action is timely under *DiCenzi v. Rose*, 452 F.3d at 465.

The one-year statute of limitations may be equitably tolled upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). "[A] petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly,* No. 1:11–cv–1271, 2012 WL 487991 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousely v. United*

8

*States*, 523 U.S. 614, 623 (1998). Without "new evidence" that makes it "more likely than not that no reasonable juror would have convicted him," a petitioner may not make use of the actual-innocence gateway and escape the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (internal quotation marks omitted). Petitioner has not met this "demanding" actual-innocence standard. *See Perkins*, 133 S. Ct. at 1935.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's request for an evidentiary hearing, made in his *Reply* (ECF No. 8, PageID# 221), is **DENIED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

  *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
December 6, 2016